**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JING TU LIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2156-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jing Tu Lin, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 3. Respondents filed a motion to dismiss, Doc. 7, and Petitioner responded, Doc. 8. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny habeas corpus relief and dismiss Petitioner's petition.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Factual background and Petitioner's claims.

Petitioner is a Chinese national who alleges violations of his Fifth Amendment Due Process rights and the Immigration and Nationality Act (INA). Doc. 1, at 6; Doc. 7, Ex. 2, at 3. He seeks his immediate release. Doc. 1, at 7. In a prior habeas corpus proceeding, this Court ordered Respondents to provide Petitioner with a bond hearing. *See Lin v. Mullin,* No. CIV-26-998, Doc. 14 (W.D. Okla. July 22, 2026). Petitioner received a bond hearing on July 29, 2026, and the Immigration Judge (IJ) denied bond. Doc. 7, at 3; *id*. Ex. 2.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. The Court cannot encroach upon an IJ's discretionary weighing of the evidence.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

When a noncitizen like Petitioner is detained under 8 U.S.C. § 1226(a), "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 675 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)).

"To be sure, '[d]ue process is not satisfied by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 675 (quoting *Arrellano v. Sessions,* No. 18-cv-6625, 2019 WL 3387210, at *7 (W.D.N.Y. 2019)); *see* 8 U.S.C. § 1226(e).

At the bond hearing, the IJ considered the *In re Guerra* factors. Doc. 7, Ex. 2, at 4. The IJ concluded Petitioner did not pose a danger to the community. *Id.* As to flight risk, he noted the lack of a fixed address or evidence of steady employment. *Id.* The IJ noted that, apart from Petitioner's brother, Petitioner had no family members in the United States with lawful status. He acknowledged Petitioner's proposed sponsors (his ex-wife and brother), but also noted they live in separate states, so Petitioner's future housing remained unclear. *Id.* The Immigration Court had also denied his requests for asylum, relief under the Convention Against Torture, and withholding of removal. *Id.* Though Petitioner's appeals remain pending, the IJ found Petitioner's likelihood of relief to be speculative. *Id.* at 5.

Petitioner's appeal of his removal order to the Board of Immigration Appeals is still pending. So he remains detained under 8 U.S.C. § 1226(a). *See, e.g., Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (holding that the statutory authority under § 1226(a) for the petitioner's initial detention remained while the petitioner was appealing his removal order to the court of appeals). As noted, Petitioner received a bond hearing under § 1226(a) before an IJ.

This Court cannot substitute its judgment for the IJ on the question of bond. *See* 8 U.S.C. § 1226(e). Petitioner does not identify a procedural defect in the bond hearing. To the extent his petition can be construed to raise such a challenge, the record reflects that the IJ made an individualized custody determination based on the factors discussed above.

The Court should therefore conclude the hearing comported with due process. *See, e.g.*, *In re Guerra*, 24 I. & N. Dec. at 40 ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable."). Given the IJ's detailed findings that Petitioner posed a "significant risk of flight," Doc. 7, Ex. 2, at 5, the undersigned recommends the Court deny Petitioner's request

for habeas corpus relief because Respondents have not deprived him of an individualized custody determination.

**IV. Petitioner's filing is also an abuse of the writ.**

The undersigned further agrees with Respondents that the Court should dismiss the petition as an abuse of the writ. Doc. 7, at 3-7. "The principle called 'abuse of the writ' developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Salomov v. Blanche*, No. CIV-26-1632-R, 2026 WL 2667458, at *4 (W.D. Okla. Sept. 10, 2026) (citing *Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings but may "inform [judicial] consideration" of the abuse of the writ doctrine)).

The abuse-of-the-writ doctrine authorizes a court to dismiss successive § 2241 claims raised in a prior petition as well as any new "claim that could have been presented in an earlier petition but was not." *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). While "the government bears the burden of pleading abuse of the writ," once it does so, "[t]he burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). To excuse the omission of a claim from an earlier petition, Petitioner must demonstrate cause for failing to raise the claim and resulting prejudice. *Stanko*, 617 F.3d at 1271 (Petitioner must "establish that the omission was not

the result of inexcusable neglect in order to proceed on the new claim."). Alternatively, he must establish that declining to consider the claim would result in a "fundamental miscarriage of justice." *McCleskey*, 499 U.S. at 494-95.

In his response to the motion to dismiss, Petitioner claims Respondents served him with a "fake arrest warrant" and that they do not abide by their own regulations. Doc. 8, at 2. Generally, a "fundamental miscarriage of justice" requires a finding that "a constitutional violation probably has caused" the conviction or detention at issue. *McCleskey*, 499 U.S. at 494. Petitioner's argument rests on Respondents' alleged failure to comply with the statutory arrest requirements. He does not identify an independent constitutional defect beyond that alleged noncompliance. Doc. 8, at 1-4. And he offers no reason why he could not have raised this issue in his first petition.

Because Petitioner could have raised his new claims in his first petition, the current petition is an abuse of the writ, and the Court should dismiss it. *See, e.g., Mannu v. Gantt*, No. CIV-26-2068-JD, Doc. 8 (W.D. Okla. Sep. 10, 2026) (dismissing second petition as abuse of the writ after first petition was granted in part and Petitioner was provided a bond hearing); *Chiniakov v. Lyons*, No. 26-cv-4106, 2026 WL 2525611, at *3 (C.D. Cal. Aug. 26, 2026)

(denying petition as abuse of the writ where Petitioner raised new claims that could have been raised in the first petition).

**V. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court deny Petitioner habeas corpus relief and dismiss the petition because he was not deprived of an individualized custody determination and his successive petition is an abuse of the writ. The Court should also deny Petitioner's pending motion as moot. Doc. 9.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 10, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 20th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE